**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

SEPTEMBER 1997 SESSION



**FILED**

**October 30, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **EDWARD F. NESBITT,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 01C01-9611-CR-00491 |
| | ) | |
| vs. | ) | Davidson County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Honorable Ann Lacy Johns, Judge |
| | ) | |
| Appellee. | ) | (Post Conviction) |
| | ) | |

FOR THE APPELLANT:

WILLIAM A. LANE
Attorney at Law
3236 Dilton Mankin Road
Murfreesboro, TN 37127

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

DARYL J. BRAND
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

VICTOR S. JOHNSON, III
District Attorney General

ROGER MOORE
Assistant District Attorney General
222 Second Ave. North, Ste. 500
Nashville, TN 37201-1649

OPINION FILED: _____

**AFFIRMED - RULE 20**

CURWOOD WITT
JUDGE

## OPINION

The petitioner, Edward F. Nesbitt, appeals the Davidson County Criminal Court's dismissal of his petition for post-conviction relief. The petitioner is serving a ten-year sentence following his May 18, 1990 guilty plea to the crime of aggravated robbery. In this post-conviction action, filed December 8, 1995, he challenges his conviction is various constitutional respects. The lower court found his claims barred by the one-year statute of limitations and dismissed his petition without appointing counsel or conducting a hearing. The petitioner acknowledges more than three years passed between the date of his conviction and the filing of his petition,[1] but he alleges the 1995 Post-Conviction Procedure Act provided him with a one-year window to file a claim. Having reviewed the record, we affirm the judgment of the lower court pursuant to Rule 20 of the rules of this court.

Our supreme court recently held that the Post-Conviction Procedure Act of 1995 did not revive previously expired post-conviction claims. Arnold Carter v. State, --- S.W.2d ---, No. 03-S-01-9612-CR-00117 (Tenn., Knoxville, Sept. 8, 1997). Moreover, the petitioner before us has presented no claim which would entitle him to untimely relief. See Tenn. Code Ann. § 40-30-206(g) (Supp. 1996); Burford v. State, 8445 S.W.2d 204 (Tenn. 1992). His claims are barred. The trial court did not err in summarily dismissing his petition. Tenn. Code Ann. § 40-30-206(b) (Supp. 1996). As a result, we find no error of law requiring reversal. The lower court's judgment is affirmed pursuant to Rule 20, Court of Criminal Appeals Rules.

---

[1] Prior to the 1995 amendments to the Post-Conviction Procedure Act, a petitioner had three years to file his claim. Tenn. Code Ann. § 40-30-102 (1990) (repealed 1995).

_____
CURWOOD WITT, JUDGE


CONCUR:


_____
GARY R. WADE, JUDGE


_____
THOMAS T. WOODALL, JUDGE